UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:82-CR-0003 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| DONALD LOREN MCIVOR, | |
| Defendant. | |

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Donald Loren McIvor, pro se.

Defendant Donald Loren McIvor is currently serving a life sentence after pleading guilty to one count of kidnaping in violation of 18 U.S.C. § 1201(a). This matter is before the Court on McIvor's motion for compassionate release. ECF No. 41. Because the Court lacks jurisdiction to reduce McIvor's sentence, the motion is denied.

On February 3, 1982, McIvor kidnaped and sexually assaulted an 11-year-old girl. ECF No. 47 at 2, 8. The facts of the crime are horrific, as are the details of McIvor's prior criminal record (which includes multiple sexual assaults). *See id.* at 2–7. McIvor pleaded guilty on May 7, 1982 and was sentenced to life in prison on July 22, 1982. *Id.* at 1. McIvor now seeks compassionate release "based on the extraordinary circumstances presented by the coronavirus pandemic" in combination with his various health conditions. ECF No. 41 at 1. Those conditions include (among other things) old

age, hypertension, heart problems, pancreatitis, and cancer. *Id.* at 4; ECF No. 47 at 16–17, 46–48, 63, 119.

McIvor cites both 18 U.S.C. § 4205(g) and 18 U.S.C. § 3582(c)(1)(A) in support of his request for compassionate release. But McIvor's motion is governed solely by § 4205(g). Section 3582(c)(1)(A) does not apply because McIvor committed his offense prior to November 1, 1987—that is, prior to the effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987. As the Seventh Circuit explained in a recent opinion:

> Section 3582 was added to the Criminal Code (i.e., Title 18) by the 1984 Act, which contains a transition provision. As amended in 1987, this transition rule provides that its provisions "shall apply only to offenses committed after the taking effect of this chapter." Pub. L. No. 100-182, 101 Stat. 1266 § 2, 18 U.S.C. § 3551 note. People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a system of parole. The Parole Commission could release prisoners who faced medical problems and were eligible for parole. And a judge could reduce a prisoner's "minimum term", but only on motion of the Director of the Bureau of Prisons. 18 U.S.C. § 4205(g) (repealed by the Sentencing Reform Act yet still applicable to crimes committed before November 1, 1987).

*United States v. Jackson*, 991 F.3d 851, 852–53 (7th Cir. 2021).[1]

---

[1] *See also* 28 C.F.R. § 572.40 ("18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law [regarding compassionate release] for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18

The First Step Act of 2018 amended § 3582(c)(1)(A) to allow prisoners to file motions for compassionate release on their own behalf, rather than relying on the Bureau of Prisons ("BOP").  Pub. L. No. 115-391, 132 Stat. 5194, 5239.  But the First Step Act did not amend § 4205(g), which provides that "the court may reduce any minimum term to the time the defendant has served," but only "upon motion of the Bureau of Prisons."  As the BOP has not filed any such motion on McIvor's behalf, this Court is without authority to reduce McIvor's sentence.[2]

---

U.S.C. 3582(c)(1)(A)."); United States Parole Commission Extension Act of 2020, Pub. L. No. 116-159, 134 Stat. 741 (extending effectiveness of § 4205 as to individuals whose offenses occurred prior to November 1, 1987 for 35 years from that date); *United States v. MacDonald*, No. 3:75-CR-26-BO, 2021 WL 1436503, at *4 (E.D.N.C. Apr. 9, 2021) (concluding that "each of the courts that have grappled with this issue have concluded that § 3582(c)(1)(A), prior to and after its amendment by the First Step Act, does not apply to defendants whose crimes were committed before November 1, 1987" and collecting cases), *appeal docketed*, No. 21-6631 (4th Cir Apr. 26, 2021).

[2]*See, e.g.*, *United States v. Matta-Ballesteros*, 843 F. App'x 892, 893 (9th Cir. 2021) ("Section 3582(c)(1)(A), as recently amended by the First Step Act, allows courts to reduce a term of imprisonment either upon motion of the BOP or the defendant, whichever is earlier.  Section 4205(g), however, allows such modifications only upon motion of the BOP." (internal citations omitted)); *United States v. Battle-Bey*, No. 3:81-CR-0038 (DWF), 2020 WL 4735352, at *1 n.3 (D. Minn. Aug 14, 2020) (finding that petitioner's "request for compassionate release is subject to Old § 4205—not 18 U.S.C. § 3582(c).  In contrast to § 3582, Old § 4205 does not authorize defendants to file motions for release on their own behalf; a court may reduce a prison sentence only upon a motion by the Bureau of Prisons." (internal citations omitted)); *United States v. Marin-Cifuentes*, No. 4:87-CR-0106 (JNE) (D. Minn. Apr. 8, 2020) (court lacked jurisdiction to grant compassionate-release motion filed by prisoner who committed offense prior to November 1, 1987); *United States v. Faul*, No. 3:83-CR-0016, 2021 WL 965311 (D.N.D. Mar. 15, 2021) (same).

McIvor cites the COVID-19 Safer Detention Act, S. 312, 117th Cong. (2021), which proposes amending § 3582(c)(1) to make the statute applicable to prisoners who, like McIvor, committed an offense prior to November 1, 1987.  But the COVID-19 Safer Detention Act is just a bill, not a law, and therefore it does not afford McIvor an avenue for relief.  Accordingly, McIvor's motion for compassionate release is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Donald Loren McIvor's motion for compassionate release [ECF No. 41] is DENIED WITHOUT PREJUDICE.

Dated:  August 9, 2021

Patrick J. Schiltz
United States District Judge