UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:82-CR-0003 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| DONALD LOREN MCIVOR, | |
| Defendant. | |

Donald Loren McIvor, pro se.

Defendant Donald McIvor pleaded guilty to one count of kidnaping in violation of 18 U.S.C. § 1201(a) and was sentenced to life in prison. McIvor recently moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court denied his motion, explaining that, because McIvor committed his offense before November 1, 1987, § 3582(c)(1)(A) does not apply to him. ECF No. 51.

Shortly after the Court issued its order, McIvor filed a reply brief relating to his § 3582(c)(1)(A) motion. In the reply, McIvor concedes that § 3582(c)(1)(A) does not apply to him, but asks the Court to reduce his sentence under the version of Fed. R. Crim. P. 35 that was in effect at the time of his offense.[1] For the reasons that follow, McIvor's request is denied.

---

[1] All citations to Rule 35 and 18 U.S.C. § 1201(a) in this opinion are to the versions that were in effect at the time of McIvor's 1982 offense.

McIvor presents a number of arguments in favor of granting him relief under Rule 35. Roughly speaking, these arguments can be grouped into three categories: (1) the Court should reduce his sentence based on the kinds of factors that courts typically consider in evaluating compassionate-release motions under § 3582(c)(1)(A), such as McIvor's health, the COVID-19 pandemic, and evidence of rehabilitation; (2) the Court should reduce or correct his sentence due to various due-process and other violations that occurred in connection with his change-of-plea and sentencing proceedings; and (3) the Court should reduce or correct his sentence because the United States Parole Commission's refusal to grant him parole is contrary to the intentions of the sentencing judge and violates various constitutional provisions.

Under the version of Rule 35 that applies to McIvor, a court may correct an "illegal sentence" at any time. Fed. R. Crim. P. 35(a). In the context of Rule 35(a), however, "illegal sentence" has a specific—and quite narrow—meaning: It refers to a sentence that is, on its face, in excess of or otherwise contrary to statute. *See United States v. Peltier*, 312 F.3d 938, 942 (8th Cir. 2002) ("A sentence is not illegal if the punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, or the terms of the sentence itself are not legally or constitutionally invalid in any other respect." (citation, quotation marks, and brackets omitted)). McIvor received a single sentence of life imprisonment,

which was authorized under the statute of conviction.  ECF No. 47 at 1; 18 U.S.C. § 1201(a).  Accordingly, he cannot show that his sentence is "illegal" within the meaning of Rule 35(a).

McIvor makes a somewhat convoluted argument to the effect that the Parole Commission is imposing double punishment on him and unlawfully extending his sentence because, in denying his applications for parole, it has considered various circumstances (such McIvor's other offenses and his refusal to participate in sex-offender treatment) that McIvor believes should not be considered.  Whether or not McIvor's argument is correct, this argument is not an attack on the sentence itself; instead, it is an attack on the manner in which the sentence is being executed, and it therefore does not come within Rule 35(a)'s meaning of "illegal sentence."  *Cf. Zabel v. U.S. Att'y*, 829 F.2d 15, 17 (8th Cir. 1987) ("Appellant next argues that the commission improperly relied on the allegedly unconstitutional state convictions in applying the parole guidelines.  This claim challenges the execution rather than the validity of his federal sentences.").

In addition to permitting a court to correct an "illegal sentence," Rule 35 also permits a court to correct a sentence that was imposed "in an illegal manner."  Fed. R. Civ. P. 35(a).  It further permits a court to reduce a sentence.  Fed. R. Crim. P. 35(b).  In both cases, however, the rule imposes a time limit: a defendant must move for such

relief (or the court must act *sua sponte*) within 120 days after one of the following events: (1) imposition of the sentence; (2) revocation of probation; (3) receipt of a mandate affirming the judgment or dismissing the appeal; or (4) entry of any order or judgment of the Supreme Court denying review of or having the effect of upholding a judgment of conviction or revocation. *Id.*

McIvor was sentenced in 1982 and he cites no indication that any other triggering event occurred within the 120 days preceding his Rule 35 request. To the extent that McIvor is seeking a reduction in his sentence or contending that it was imposed in an illegal manner (such as, for example, in violation of due process), therefore, his request is untimely. *Peltier*, 312 F.3d at 940 ("This 120-day requirement has been said to be jurisdictional, and the rules of criminal procedure specifically prohibited the district court from enlarging the 120-day filing period."); *id.* at 942 (characterizing a claim that a sentence was based on false information and therefore violated due process as a claim that the sentence was imposed "in an illegal manner").

In summary, the various grounds on which McIvor seeks relief under Rule 35 are either not cognizable or untimely under that rule. Accordingly, McIvor's request is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's request for relief under Fed. R. Crim. P. 35 [ECF No. 52] is DENIED.

Dated: August 19, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge